UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| KEITH J. LENZ, | ) | Case No. 07-09006 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**Application for Allowance and Payment of
Final Compensation of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Keith J. Lenz ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee in the amount of $3,457.60 as final compensation for services rendered as trustee in this case from May 17, 2007 through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1. Debtor commenced this case on May 17, 2007 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. As of the commencement of this case, the Estate's primary asset was the Debtor's interest in certain real property commonly known as 8944 Reserve Drive, Willow Springs, Illinois (the "Property").

4. The bar date for filing claims in this case was December 6, 2007.

**Prior Compensation**

5. This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6. Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

### Services Rendered by Trustee

7. Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

    A. Trustee investigated the value of the Debtor's interest in the Property which was owned jointly by the Debtor and his non-debtor spouse in tenancy by the entireties; Trustee verified that the Property was encumbered by three mortgages and a judgment lien; based upon the market value listed in the Debtor's schedules and the encumbrances, Trustee determined that there was no equity in the Property for the Estate and filed a No-Asset Report; subsequently, upon the Debtor's motion, the judgment lien was avoided and the Debtor received an offer to purchase the property for an amount in excess of the market value identified in the Debtor's schedules; thereafter the Trustee withdrew his No-Asset Report, retained attorneys and directed his attorneys to (1) research and verify the Estate's rights in the Property given that the Property was held in tenancy by the entireties, and (2) negotiate for a sale of the Property back to the Debtor; Trustee through his attorneys negotiated for the sale of the Estate's interest in the Property; Trustee directed his attorneys to prepare and present a Motion to Sell the Property; upon this Court's order, the Trustee sold the Property and Trustee recovered gross proceeds of $27,000.00 for the benefit of the Estate's creditors;

    B. Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

      C.     Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

      D.     Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

      E.     Trustee reviewed and analyzed the claims filed in the case;

      F.     Trustee attended to tax matters of the Estate, including retaining an accountant and overseeing the preparation of Estate tax returns; and

      G.     Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

## Funds Collected and Disbursed by Trustee

8.     Trustee has collected the sum of $27,075.99 on behalf of the Estate. Trustee has made $49.91 in disbursements in this case as of the date hereof.

9.     Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to hereto the Trustee's Final Report, filed simultaneously herewith, as Exhibits B and C, respectively.

## Compensation Requested

10.     During the period covered by this Application, Trustee has spent 13.80 hours rendering services on behalf of this Estate with a value of $2,949.50. Trustee estimates that he will spend an additional four hours rendering services with a value of $995.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11. The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above, is $3,457.60 as follows:

| | |
|---|---|
| 25% of the first $5,000 | $1,250.00 |
| 10% of the next $22,075.99 | $2,207.60 |
| Total allowable compensation | $3,457.60 |

After payment of the Estate's administrative claims, and payment of the Estate's priority claims, Trustee anticipates that there will be sufficient funds to make a distribution to unsecured creditors. Trustee does not anticipate that there will be a surplus of funds to be returned to the Debtor.

12. Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in the amount of $3,457.60. This amount represents reasonable compensation for the services rendered by Trustee and is within the maximum compensation allowable as set forth in paragraph 11 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

### Status of the Case

15. The Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate.

16. Trustee has completed and filed his Final Report simultaneously herewith. Final fee applications for the Trustee's Attorneys and Trustee's Accountants have also been filed concurrently with this Application.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Keith J. Lenz requests the entry of an order providing the following:

    A.    Allowing to Trustee final compensation in the amount of $3,457.60 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from May 17, 2007 through the closing of this case;

    B.    For such other and further relief as this Court deems appropriate.

Dated: March 31, 2009        Joseph A. Baldi, as trustee of the estate of Keith J. Lenz, debtor

By: /s/ _____
      Joseph A. Baldi

Joseph A. Baldi
Attorney I.D. No. 00100145
Elizabeth C. Berg
Attorney I.D. No. 6200886
19 S. LaSalle St.   Suite 1500
Chicago, IL 60603
(312) 726-8150

Trustee's Itemized Billing Statements

Exhibit A

# Joseph A. Baldi & Associates
## 19 South LaSalle Street
## Suite 1500
## Chicago, IL 60603

**Phone:** (312) 726-8150
**Fax:**    (312) 726-5067

**FEIN:** 36-4352753

**Invoice submitted to:**

Joseph A. Baldi, trustee
Joseph A. Baldi
19 South LaSalle Street
Suite 1500
Chicago, IL 60603

March 30, 2009
Invoice No:   1241

**In Reference to:**   *Lenz - Trustee Matters*

## *Professional Services*

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 10/03/2007 | ECB1 | Perform 3rd quarter status review for UST and update TR database; | 0.20<br>$160.00/ hr | $32.00 |
| 11/05/2007 | ECB | Process and deposit proceeds from sale of RE back to Debtor (.2) Update TR data base re same (.1) Open new bank account (.1) and obtain Tax ID number for estate (.1) | 0.50<br>$250.00/ hr | $125.00 |
| 1/09/2008 | ECB1 | Process November 07 Bank Statements (.1) Reconcile Accounts (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 1/15/2008 | ECB1 | Process Dec 07 Bank Statements and reconcile accounts | 0.10<br>$160.00/ hr | $16.00 |
| 2/01/2008 | ECB1 | Prep 2007 Annual Report for UST | 1.00<br>$160.00/ hr | $160.00 |
| 2/14/2008 | ECB1 | Process Jan 08 bank statements (.1) Reconcile TR bank accounts (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 2/19/2008 | ECB1 | Prep TR Bond Disbursement report (.1) and prepare and transmit payment of annual bond premium to International sureties (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 3/24/2008 | ECB1 | Process Feb 08 bank statements (.1) Reconcile TR's bank accounts (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 4/15/2008 | ECB1 | Process March 08 bank statements (.1) Reconcile TR bank accounts (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 4/29/2008 | ECB1 | Prepare for and attend meeting with T. Thornton for UST office meeting for annual review | 0.20<br>$160.00/ hr | $32.00 |

**Joseph A. Baldi & Associates, P.C.**                                                                 3/30/2009

Lenz - Trustee Matters                                                                                 Page    2

| Date | Staff | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 5/19/2008 | ECB1 | Process April 08 bank statements (.1) Reconcile TR bank accounts (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 7/15/2008 | ECB1 | Process May 08 bank statements (.1) Reconcile TR bank accounts (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 7/16/2008 | ECB1 | Process June 08 bank statements (.1) Reconcile TR accounts to same (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 8/13/2008 | ECB1 | Process JY08 Bank Statements and reconcile TR bank accounts | 0.20<br>$160.00/ hr | $32.00 |
| 9/16/2008 | ECB1 | Process August 08 bank statements (.1) Reconcile TR Bank Accounts (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 10/07/2008 | ECB1 | Conduct 3rd Quarter review for UST office and meet with TR and discuss status of claims review and case closing | 0.20<br>$160.00/ hr | $32.00 |
| 10/22/2008 | ECB1 | Process Sept 08 bank statements and reconcile TR bank accounts | 0.10<br>$160.00/ hr | $16.00 |
| 12/01/2008 | ECB1 | Process Oct 08 bank statements (.1) Reconcile TR bank accounts (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 1/05/2009 | ECB1 | Confer with RKP re preparation of TR's 2008 annual case report for submission to UST | 0.10<br>$160.00/ hr | $16.00 |
| 1/28/2009 | RKP | Prepare Trustee's Annual Report as required by UST | 1.00<br>$150.00/ hr | $150.00 |
| 1/29/2009 | ECB1 | Process Dec 08 Bank statements; Reconcile TR accts | 0.10<br>$160.00/ hr | $16.00 |
| 2/05/2009 | RKP | Review and analyze claims (.20); memo to J. Baldi re: same (.10). | 0.30<br>$150.00/ hr | $45.00 |
| 2/16/2009 | ECB1 | Process Jan 09 bank statements (.1) Reconcile accounts (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 2/17/2009 | ECB1 | Prep bond disbursement report, allocate premium, cut check and pay bond invoice | 0.20<br>$160.00/ hr | $32.00 |
| 3/11/2009 | ECB1 | Process Feb 08 bank statements (.1) reconcile TR accounts (.1) | 0.20<br>$160.00/ hr | $32.00 |
| 3/28/2009 | RKP | Review documents for information needed to prepare final report (.80); draft final report (1.50); proposed distribution (.50); notice of final hearing (.50); prepare and obtain copies of documents to be attached to Trustee's final report package (.80); review and edit Trustee's final report package (1.0). | 5.10<br>$190.00/ hr | $969.00 |

3/30/2009

Lenz - Trustee Matters                                                              Page    3

| | | | | |
|---|---|---|---|---|
| 3/31/2009 | JAB | Review fee application of Popowcer (.20); review B&A fee application (.40); review and edit Trustee fee application (.50); review and edit Trustee's final report (1.0). | 2.10<br>$425.00/ hr | $892.50 |
| | | Total Hours | 13.80   Total Fees | $2,949.50 |

**Joseph A. Baldi & Associates**

Lenz - Trustee Matters

3/30/2009

Page    4

|  |  |
|---|---:|
| Total New Charges | $2,949.50 |
| Previous Balance | $0.00 |
| Balance Due | $2,949.50 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Elizabeth C Berg | 0.50 | $250.00 |
| Elizabeth (1) C Berg | 4.80 | $160.00 |
| Joseph A Baldi | 2.10 | $425.00 |
| Ricki K Podorovsky | 1.30 | $150.00 |
| Ricki K Podorovsky | 5.10 | $190.00 |

Rule 2016 Affidavit

Exhibit B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| KEITH J. LENZ | ) | Case No. 07-09006 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois    )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the Application for Allowance and Payment of Final Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Joseph A. Baldi & Associates a law firm at which I was employed during the pendancy of this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on March __, 2009

_____
Notary Public

MARGARET PANITCH
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
August 25, 2010

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| KEITH J. LENZ, | ) | Case No. 07-09006 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

### Order Awarding Trustee's Compensation

THIS MATTER BEING HEARD on the Trustee's First and Final Request for Compensation, notice having been given, and the Court being duly advised:

IT IS HEREBY ORDERED that Joseph A. Baldi, Trustee is allowed compensation as follows;

1. Compensation      $3,457.60


   TOTAL            $3,457.60

IT IS FURTHER ORDERED that the Trustee is directed to pay the allowance listed above after the Trustee's Distribution Report is filed with the Clerk of the Bankruptcy Court.

DATED this _____ day of _____


ENTERED: _____
UNITED STATES BANKRUPTCY JUDGE